**FILED**
**Jan 16, 2020**
**09:30 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **JUVENAL De La ROSA,** | ) | **Docket No.: 2019-06-1836** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **MAURICIO LOPEZ CORONADO** | ) | **State File No.: 93809-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **LIBERTY MUT. INS. CORP.,** | ) | **Judge Robert Durham** |
| **Insurer.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

The Court conducted an expedited hearing on January 7, 2019, to determine whether Mr. De La Rosa is likely to prove that his injuries from falling off a ladder are compensable, considering Mr. Lopez-Coronado's intoxication defense. The Court holds that, despite his intoxication, Mr. De La Rosa is entitled to medical benefits because the evidence was insufficient to show that intoxication proximately caused the accident. However, Mr. De La Rosa did not establish a right to temporary disability benefits.[1]

### History of Claim

Mr. Lopez-Coronado hired Mr. De La Rosa, his wife's cousin, to work as a framer for his construction company at $18.00 per hour. Mr. De La Rosa testified he worked fifty-five hours a week. Mr. Lopez-Coronado disputed this contention, stating that work hours varied greatly throughout the year. Neither party provided a wage statement.

Mr. Lopez-Coronado testified he repeatedly saw Mr. De La Rosa drinking alcohol while at work and admonished him to stop; however, his company is not a Tennessee Drug-Free Workplace. Mr. De La Rosa admitted receiving warnings against drinking

---

[1] The parties stipulated that Mr. Lopez-Coronado employed Mr. De La Rosa who fractured his left wrist, right scapula and several ribs when he fell at work, and the emergency care and surgery he received was reasonable and necessary.

because he had a habit of doing so on the job.

At 6 a.m. on August 19, 2019, Mr. De La Rosa got on the van going to work with a twenty-four ounce can of beer in his hand. He testified that he drank two twelve ounce beers for lunch around noon. He denied drinking any more beer that day.

Jesus Lopez-Ochoa and Jose Ochoa, Mr. De La Rosa's crewmates, told a different story. They testified he purchased two or three "big cans" of beer on the way to the job-site and consumed them that morning. For lunch, he had two more "big ones" and one medium can. When they refused to stop on the way back to work from lunch so Mr. De La Rosa could buy more beer, he called some friends who brought him two more large beers, which he drank that afternoon. Mr. Ochoa, the site supervisor, stated that Mr. De La Rosa drank beer all day long, like "he would a Coke." He and other crew members told Mr. De La Rosa to stop drinking, but he ignored them.

As to the effects of his alcohol consumption, Mr. De La Rosa testified that he was "feeling well" after lunch, and the beer did not impede his work performance, which included using a power saw and repeatedly climbing up and down a ladder from the ground to the second floor. Mr. Ochoa and Mr. Lopez-Ochoa stated that Mr. De La Rosa did not appear unusually drunk that day, but they were used to seeing him in a drunken state all the time. Nevertheless, he did not perform his duties in an obviously unsafe manner, and if he had, Mr. Ochoa stated he would have stopped him.

Mr. De La Rosa testified that around 4:30 p.m. that day, he began descending a ladder that just reached to the second floor. This required him to crawl backwards to the ladder before placing his right foot on the rung. He also stated that some wood leaned against the ladder and was in the way. After he stepped down with his right foot, he brought his left foot down to join it but was unable to do so because he did not leave enough space on the rung. This caused him to slip and fall fourteen feet to the ground below. No one else saw him slip from the ladder.

Mr. De La Rosa was taken to the emergency room. The records state that during neurologic testing, Mr. De La Rosa was alert and oriented with normal speech and appropriate responses to questioning. He was then transferred to another hospital for emergency surgery on his left wrist. Neither hospital performed a drug test.

According to Mr. De La Rosa, he did not receive any additional treatment following his release from the hospital, and Mr. Lopez-Coronado did not provide him with a panel of physicians. He did not provide any evidence regarding the extent or length of his disability or his current work status.

2

## Findings of Fact and Conclusions of Law

Mr. De La Rosa must present sufficient evidence establishing that he is likely to prove at trial that he is entitled to workers' compensation benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1)(2019). Mr. Lopez-Coronado may present evidence of an affirmative defense, such as intoxication, to refute that entitlement, but the ultimate burden of proof remains with Mr. De La Rosa. *See Burnett v. Builders Transp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 5 at *8, 9 (Feb. 8, 2018).

Here, the parties stipulated that Mr. De La Rosa sustained an injury arising primarily out of and in the course and scope of his employment. However, Mr. Lopez-Coronado contended that his intoxication defense under Tennessee Code Annotated section 50-6-110(a)(3) makes it unlikely that Mr. De La Rosa will succeed at trial.

Mr. Lopez-Coronado conceded that his business was not a Tennessee Drug-Free Workplace. Therefore, to defeat Mr. De La Rosa's claim, he must establish that: (1) Mr. De La Rosa was intoxicated at the time of his injury; and (2) the intoxication proximately caused the injury. *See Bowlin v. Servall, LLC*, 2018 TN Wrk. Comp. App. Bd., LEXIS 6 at *12 (February 8, 2018). The Court will consider each element in turn.

In many, if not most, claims involving the intoxication defense, employers establish intoxication through scientific tests proving blood alcohol content. However, circumstantial evidence, if sufficient and reliable, may also prove intoxication. In *Dobbs v. Liberty Mut. Ins. Co.*, 811 S.W.2d 75, 77 (Tenn. 1991), as here, a carpenter fell from the second floor to the ground. The carpenter admitted to drinking a substantial amount of alcohol the night before and going home because of a hangover. He came back to work that afternoon after drinking a beer and had a strong odor of alcohol about his person. He then lost his balance and fell for no apparent reason other than intoxication. The Supreme Court found there was sufficient evidence to establish the employee's intoxication even in the absence of a blood alcohol test. *Id.*

Similarly, the Court finds here that Mr. Lopez-Coronado provided sufficient circumstantial evidence to establish Mr. De La Rosa's intoxication at the time of his fall. The Court considers Mr. Lopez-Ochoa and Mr. Ochoa to be more credible as to Mr. De La Rosa's alcohol consumption that day. Both testified that they watched Mr. De La Rosa steadily drink a substantial amount of beer throughout the day. Similar to the Workers' Compensation Panel in *Littrell v. Lawrence County Advocate*, 1998 TN. Sp. Wrk. Comp. Panel, LEXIS 557 at *18 (Oct. 18, 1998), the Court finds it would "strain a reasonable concept" to find that Mr. De La Rosa was not intoxicated at the time he fell.

However, it is not enough to prove intoxication; Mr. Lopez-Coronado must also have sufficient proof that intoxication proximately caused Mr. De La Rosa's injuries. "Proximate cause" does not mean the sole cause, but it must be more than a "remote or

3

contributing cause." *Overall v. Southern Subaru Star, Inc.*, 545 S.W.2d 1, 4 (Tenn. 1976). In this case, the Court holds that the evidence presented was not enough for Mr. Lopez-Coronado to establish that intoxication was the proximate cause of Mr. De La Rosa's injury.

Mr. De La Rosa testified that he "felt well" after lunch and was able to perform his job effectively. Mr. Ochoa and Mr. Lopez-Ochoa agreed that Mr. De La Rosa did not perform his job in an obviously unsafe manner, and the job involved potentially dangerous tasks such as using a power saw and repeatedly climbing up and down a tall ladder. They testified Mr. De La Rosa appeared drunk all the time, and they noted nothing unusual about his behavior that day. Although they warned him about drinking during work, Mr. Ochoa continued to allow him to perform his duties. Additionally, the medical records do not mention intoxication, but instead indicate that Mr. De La Rosa was alert and oriented.

Finally, and most significant to the Court, the record contains no expert opinions as to how a chronic alcohol abuser, such as Mr. De La Rosa appears to be, would be physically and mentally affected by the quantity of beer he consumed that day.

As for the accident, no one actually witnessed it other than Mr. De La Rosa himself. His uncontested testimony was that wood leaning against the ladder obstructed his foot placement, causing him to slip. Thus, he provided evidence of something other than intoxication causing his fall.

Therefore, the Court holds that based on the evidence presented, Mr. De La Rosa is likely to prevail in proving a compensable injury at trial and is entitled to a panel of physicians as well as payment for the emergent care and surgery he received.

However, as to temporary disability, Mr. De La Rosa did not provide sufficient evidence as to his compensation rate or the extent and duration of any disability. *See Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Thus, the Court denies his request for disability benefits at this time.

IT IS, THEREFORE, ORDERED that:

1. Mr. Lopez-Coronado shall provide Mr. De La Rosa with a panel of orthopedists from which he may choose an authorized physician in accordance with Tennessee Code Annotated section 50-6-204(3)(A)(i)(2019). He shall also pay the reasonable and necessary medical expenses for the emergent care and surgery Mr. De La Rosa received immediately following his accident.

2. Mr. De La Rosa's request for temporary disability benefits is denied at this time.

4

3. This case is set for a Scheduling Hearing on **March 12, 2020**, at **10:00 a.m. Central Time**. The parties must call 615-253-0010 or toll-free at 855-689-9049 to participate. Failure to call might result in a determination of the issues without your participation.

ENTERED January 16, 2020.

Robert V. Durham, Judge
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Rule 72 Declaration of Mr. Lopez-Coronado
2. Southern Hills Medical Records
3. Skyline Medical Records

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order Transferring Case
4. Mr. Lopez-Coronado's Statement of Opposition to Requested Relief
5. Mr. De La Rosa's Witness List
6. Mr. De La Rosa's Plain and Concise Statement

## CERTIFICATE OF SERVICE

A copy of the Expedited Hearing Order Granting Benefits was sent as indicated on

5

January 16, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Ivan Lopez | | X | Ivan@ivanlopezlaw.com |
| Owen Lipscomb | | X | Owen.Lipscomb@Libertymutual.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6



### Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee**

v.

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____ day of_____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries         $ _____ per month    Telephone       $ _____ per month

Electricity       $ _____ per month    School Supplies $ _____ per month

Water             $ _____ per month    Clothing        $ _____ per month

Gas               $ _____ per month    Child Care      $ _____ per month

Transportation    $ _____ per month    Child Support   $ _____ per month

Car               $ _____ per month

Other             $ _____ per month (describe: _____ )

10. Assets:

Automobile             $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                  $ _____    (FMV) _____

Other                  $ _____    Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____          _____

_____          _____

_____          _____

_____          _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082